**MILLER et al. v. UNITED STATES.**

No. 8682.

Circuit Court of Appeals, Sixth Circuit.

Feb. 5, 1942.

Robert H. French, of Cincinnati, Ohio, and Fred B. Collier, of Royal Oak, Mich. (Fred B. Collier and Kenneth F. Corbitt,

both of Royal Oak, Mich., on the brief), for appellants.

Vincent F. Fordell, of Detroit, Mich. (John C. Lehr, Thomas P. Thornton, and Joseph C. Murphy, all of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and McALLISTER, Circuit Judges.

HICKS, Circuit Judge.

Appeal from a judgment against appellants in a criminal case. It presents the questions, (1) whether the indictment was sufficient; and (2) whether the refusal to give requested instructions to the jury was prejudicial error.

Appellants Albert Miller, Max Miller and Isidore Scarbnick were indicted along with the Alaska Smoked Fish Company, and Smith and Kaplan, in two counts—(1) for conspiring to conceal assets of the company from its receiver in bankruptcy in violation of Sec. 29, sub. b, of the Bankruptcy Act, Sec. 52, sub. b, of Title 11, U.S. C., 11 U.S.C.A. § 52, sub. b; and (2) for concealing assets from the receiver. Smith and Kaplan were acquitted and appellants were found guilty on both counts.

The first count, omitting matters immaterial here, alleged that from January 1, 1938, up to and including the date of the indictment (it was filed on October 14, 1938) the six defendants conspired to violate Sec. 52, sub. b, Title 11, U.S.C., 11 U. S.C.A. § 52, sub. b, in that they would and did conceal from McVeigh, receiver in bankruptcy of the company, certain cases and cans of groceries having an appraised value of $2,296.35. The indictment set forth the terms of the conspiracy with much detail. In substance they were, that the company had as its principal officers Max Miller, who acted as President, and Scarbnick, who acted as Treasurer, and maintained an office, warehouse and smokehouse at 1316 Napoleon St., and two stores, one at 8262 Twelfth St., and the other at 11354 Dexter Boulevard, each being located in Detroit; that the stores were under the management of Albert E. Miller; that on February 7, 1938, Albert E. Miller rented a vacant storehouse at 4815 Fernwood Ave., Detroit, under the name of Edward C. Jacobs, and that shortly thereafter the co-conspirators, Albert E. Miller, Kaplan and Smith, under the direction of co-defendants Max Miller and Isidore Scarbnick, moved and transferred and caused to be moved and transferred, the assets of the company from the various places of business heretofore indicated, into the vacant store at 4815 Fernwood Ave., wherein they were concealed until April 29, 1938, at which time they were discovered by other parties and turned over to the possession of the receiver. The count alleged the commission of four overt acts, to effect the object of the conspiracy.

Section 52, sub. b, so far as material here, is as follows: "b. A person shall be punished by imprisonment for a period of not to exceed five years or by a fine of not more than $5,000, or both, upon conviction of the offense of having knowingly and fraudulently (1) concealed from the receiver, custodian, trustee, marshal, or other officer of the court charged with the control or custody of property * * * any property belonging to the estate of a bankrupt * * * (6) while an agent or officer of any person or corporation, and in contemplation of a proceeding under this title by or against such person or corporation, or with intent to defeat this title, concealed or, with or without concealment, transferred any of the property of such person or corporation; * * *."

■ It is insisted that because Max Miller was described as President of the company and Scarbnick as its Treasurer, the indictment leaves it uncertain whether the statute alleged to be violated was that set forth in subdivision (1) or in subdivision (6) of Sec. 52, sub. b. This contention is without merit. The count contains nothing to indicate that Max Miller and Scarbnick entered into the conspiracy in their official capacities or that they conspired to conceal the assets of the company in contemplation of bankruptcy or with intent to defeat bankruptcy, both of which elements are ingredients of the offenses denounced by clause (6).

■ The first count of the indictment follows the language of the conspiracy statute. [Sec. 88, Title 18 U.S.C.] 18 U.S.C. A. § 88, and it is uncontroverted that it contains sufficient statements of overt acts to effect the object of the conspiracy. The count is therefore sufficient under the general rule. Rudner v. United States, 6 Cir., 281 F. 516, 518. It is not necessary that the substantive offense, which is the aim and object of the conspiracy, should be described with the same particularity in the conspiracy count as in an indictment for the substantive offense itself. Jelke v. United States, 7 Cir., 255 F. 264, 275. Appellants

are charged in plain and simple language with a conspiracy to conceal the assets of the company from its receiver, an offense clearly and unequivocally denounced by Sec. 52, sub. b(1).

It is urged that material allegations of Count I contradict each other, in that, after charging appellants with conspiracy to conceal assets of the company from the trustee from January 1, 1938, to the date of the finding of the indictment in October following, it proceeds to aver that these assets were discovered and restored to the possession of the receiver on April 29, 1938. There is of course an element of inconsistency in these averments but we do not find therein any tendency to mislead the appellants nor any danger that they would be exposed to a second prosecution thereby. See Bogy v. United States, 6 Cir., 96 F.2d 734, 736. We note that there was no motion for a bill of particulars, through which appellants might, if deemed necessary, have sought more specific averments. Rudner v. United States, supra, 281 F. 518; Bogy v. United States, supra, 96 F.2d 736.

The second count, stripped of matter not here material, avers that on April 15, 1938, an involuntary petition in bankruptcy was filed against the company, and that on April 18, McVeigh was appointed receiver in bankruptcy of the estate of the company; that on May 2, the company was adjudicated a bankrupt; that on April 18, the company, the Millers, Scarbnick, Kaplan and Smith unlawfully, wilfully and fraudulently concealed from McVeigh, the receiver, certain assets of the bankrupt described as hereinabove indicated. This count alleges the substantive offense which the first count charged that the defendants therein had conspired to violate.

Appellants complain of this count (1) that it identifies no offense; (2) that they are not identified as parties of the class within the prohibition of the statute; (3) that there was no allegation of what was done by appellants to conceal the property; (4) that essential elements of the offense pleaded have not been charged; and (5) that there was no statement of fact upon which the prosecution could introduce relevant proof.

These contentions are not justified. They rest upon the assumption that the second count was drawn under Sec. 52, sub. b (6). A comparison of the language of the count with the statute discloses that this is not a sound view. It was aptly drawn under Sec. 52, sub. b (1), an offense entirely different in its scope from that created by Sec. 52, sub. b (6). See United States v. Knickerbocker Fur Coat Co., 2 Cir., 66 F.2d 388, 390. The second count was sufficient.

It is insisted that the court erred in declining to charge requests Nos. 3 and 7. These matters are not reviewable. The record contains what purports to be a bill of exceptions but whether the original charge or the requests are included therein is doubtful. Request No. 3 is predicated upon the "evidence in this case" and Request No. 7 upon "the evidence presented." The bill of exceptions does not include any part of the evidence adduced at the trial and we have therefore no basis for determining whether the requests were in any wise applicable. See Worthington v. Mason, 101 U.S. 149, 25 L.Ed. 848.

The judgment is affirmed.