**DONNELLY v. UNITED STATES.**

No. 4137.

United States Court of Appeals
Tenth Circuit.

Nov. 29, 1950.

---

560

Philip G. Gregg, Denver, Colo., for appellant.

Robert E. Shelton, U. S. Atty., Oklahoma City, Okl. for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order denying a motion to vacate under Section 2255, 28 U.S.C.A.

Appellant appeared in person, and with counsel, and entered a plea of guilty in the United States District Court for the Western District of Oklahoma, to an indictment for murder in the first degree. 18 U.S.C.A. § 1111. After careful examination as to the defendant's understanding of the charge and the maximum sentence which could be imposed, and after hearing expert testimony as to his mental capacity to understand the charge and assist in his defense, the court accepted the plea of guilty and imposed a life sentence.

By this motion to vacate, appellant now seeks to have the judgment and sentence vacated, on the grounds (1) that the indictment is fatally defective in that it fails to charge in the statutory language that he murdered a "human being"; and, (2) that the court did not have jurisdiction to impose sentence, until the issue of his guilt and the punishment to be imposed had been first determined by a jury.

The specificity formerly held necessary to charge an offense is no longer required or sanctioned. See Rule 7(c), Criminal Rules of Procedure, 18 U.S.C.A. The indictment to which appellant entered his plea of guilty charged that he "with premeditation and malice aforethought, unlawfully, wilfully and deliberately and maliciously shot in the back of the head and murdered Ernest M. Harkins, an officer of the Post Office Department, of the United States Government, while engaged in the performance of his official duties." This indictment is drawn literally in the language of the approved form of indictment for the murder of a Federal Officer, See Appendix of Forms, No. 1, 18 U.S.C. A., and was legally sufficient to inform the appellant that he was charged with the murder of a human being. Cf. Carter v. United States, 10 Cir., 173 F.2d 684; Ochoa v. United States, 9 Cir., 167 F.2d 341.

Undoubtedly, the court was authorized to accept the plea of guilty to the capital offense, if it was freely and voluntarily entered, with the advice of counsel, and under the protection and oversight of the judge. See Rule 11, Criminal Rules of Procedure, 18 U.S.C.A.; Annotation 6 A. L.R. 694; Vol. 14, Amer.Jur.Criminal Law, Section 271; Greenleaf on Evidence, 15th Ed.Sec. 216. The power of the court to accept a plea of guilty for offenses cognizable within its jurisdiction is inherent in its very existence—it is necessary to serve the practical ends of the administration of justice. Appellant's voluntary and deliberate plea of guilty to the charge was a confession of guilt, and constituted a waiver of his right to a jury trial and a consent to the imposition of any sentence authorized by law. Ex parte James Dawson, 20 Idaho 178, 117 P. 696, 35 L.R.A., N.S., 1146 and annotation at page 1146; Vol. 14 Amer.Jur.Criminal Law, Sec. 272.

Section 1111, 18 U.S.C.A., provides that "Whoever is guilty of murder in the first degree, shall suffer death unless the jury

qualifies its verdict by adding thereto 'without capital punishment', in which event he shall be sentenced to imprisonment for life; * * *."

In a jury waived trial, the court exercising the functions of a jury could impose any sentence which the jury could have imposed upon a trial. It could acquit the defendant or find him guilty and impose the death sentence, unless in its judgment death should not be inflicted. The only other conceivable interpretation of the statute is that upon a plea of guilty to the court in a jury waived case the court was mandatorily required to impose the death penalty, and that he could not therefore impose a life sentence without first having submitted the guilt of the defendant to a jury with power to qualify its verdict by adding "without capital punishment." This reasoning, by its very nature, denies to the court its traditional and inherent power to accept a plea of guilty and impose punishment for offenses within its jurisdiction. It would mean that in no case could the court impose any sentence except that of death. We cannot believe that Congress intended any such distorted and irrational result.

The judgment is affirmed.

PHILLIPS, Chief Judge, concurs in the result.