**William Joe JOYNER, Petitioner,**

v.

**Honorable W. Lynn PARKINSON, as Judge of the United States District Court at South Bend, Indiana, Respondent.**

**No. 11623.**

United States Court of Appeals Seventh Circuit.

Dec. 7, 1955.

William Joe Joyner, pro se., Michigan City, Ind.

No appearance for respondent.

Before DUFFY, Chief Judge, and SCHNACKENBERG, Circuit Judge.

## PER CURIAM.

On October 17, 1955, petitioner lodged in the office of the Clerk of this Court a petition for writ of certiorari against respondent, accompanied by motion for leave to proceed *in forma pauperis,* and further motion for appointment of counsel.

Petitioner asks for a writ of certiorari in order to compel respondent to file, in this Court, a proper record on appeal in a certain habeas corpus proceeding against J. Ellis Overlade, Warden, which was heard by respondent and resulted in the entry of order on May 13, 1955 dismissing same.

Petitioner claims that he did not receive a copy of such order of dismissal until on or about September 2, 1955, whereupon, and within thirty days after such date, he filed with the Clerk of the District Court notice of appeal to this Court from such order, together with motion for leave to proceed on appeal *in forma pauperis.* This latter motion was denied by respondent in an order entered September 19, 1955.

As above stated, on October 17, 1955, petitioner lodged his petition for writ of certiorari in this Court. From this petition, because it includes copies of practically all relevant proceedings in the District Court, a sufficient summary of facts can be made.

Petitioner's basic contentions stem from his conviction in the Criminal Court of Marion County, Indiana, First Division, of the crime of burglary in the first degree on July 28, 1947. In these proceedings he was represented by two reputable and experienced attorneys whom he had employed, and under whose guidance and advice he had entered a plea of guilty. He was sentenced to imprisonment for the term of ten to twenty years, and since has been, and now is; confined thereunder in the Indiana State Prison.

He made an attack upon his sentence by filing, sometime in 1950, a petition for writ of *coram nobis* in the Criminal Court of Marion County. In such proceeding he asked that the judgment of his conviction be vacated and set aside; that he be allowed to withdraw his plea of guilty and enter a plea of not guilty; and that he be granted a trial on the merits.

An answer or demurrer was filed to his petition for writ of *coram nobis,* and in due course the matter was heard, resulting in the order and judgment of the Court of November 19, 1950 dismissing his petition.

Petitioner petitioned the Court for an order authorizing him to appeal from the order or judgment of dismissal to the Supreme Court of Indiana as a poor person. On December 7, 1950 the Court denied such petition, and advised petitioner, in this connection, that no right to such appeal as a poor person at public expense was provided for by law. The Court cited, in this connection, State ex rel. Cutsinger v. Spencer, 219 Ind. 148, 41 N.E.2d 601, 603, where it says:

"A petition for *coram nobis* is not based upon a contention that the judgment attacked is void. It concedes that it is valid upon its face, and that there is no error apparent upon the face of the record. No longer is the state seeking to deprive the defendant of his life, liberty, or property. He is not now 'the accused' in a 'criminal prosecution.' It is he who is now seeking to deprive the State of Indiana of rights concerning his liberty which * * * must be presumed to have been procured by due course of law until he sustains the burden of overcoming the presumption. The petitioner is asking that the taxpayers, the state,

be required to bear the expense of furnishing him with a certified record of the proceedings in the criminal case. We know of no constitutional provision that requires that the public shall bear any of the expense of the preparation or prosecution of the petitioner's action seeking to overthrow the judgment, nor of any statute requiring or authorizing the expenditure of public funds for such a purpose."

Subsequent to such denial, petitioner wrote a letter to the Clerk of the Criminal Court of Marion County, requesting information as to the costs involved in an appeal such as he contemplated, and in a reply, dated December 19, 1950, the Clerk of that Court advised petitioner that such costs could not be estimated, and suggested that he employ an attorney to take care of such an undertaking.

Petitioner's next move was delayed until May, 1954. At that time he lodged a petition for certiorari with the United States Supreme Court. The Clerk of that Court, under date of May 10, 1954, returned the petition to petitioner with the explanation that the Supreme Court could not take jurisdiction because his petition was not filed within ninety days after the judgment sought to be reviewed.

Thereafter, in November, 1954, petitioner filed his petition for writ of habeas corpus against J. Ellis Overlade, Warden, in the United States District Court, Northern District of Indiana, South Bend Division, alleging that his imprisonment was occasioned by denial to him of due process of law under the Fourteenth Amendment, United States Constitution, in that his plea of guilty to the charge of burglary had been coerced and procured by fraud and duress.

The matter coming before the respondent, it was ordered that the Public Defender of Indiana appear for and represent petitioner. Judge Parkinson, on November 24, 1954, further ordered that the Warden, as respondent therein, show cause within twenty days why the writ should not issue.

The Warden filed a motion to dismiss to which the Public Defender and his deputy filed a traverse on behalf of petitioner. The Warden's motion to dismiss was denied, with the petitioner present in Court and represented by the deputy Public Defender. Thereupon a written return was filed by the Warden. At that time the petitioner announced to the Court that he was not ready for trial, and moved for a continuance which was granted, and the matter was re-assigned for trial on May 12, 1955.

Prior to that time the petitioner filed in the District Court a written motion to discharge the Public Defender as his counsel, and, in this connection, on the day of trial, he advised the District Court that it was his desire that he not be represented by the Public Defender, and that he desired to appear *pro se*. Petitioner's motion was granted by respondent, whereupon the Public Defender, then present in Court, announced that he would be available in case petitioner should desire his services at any time during the proceedings.

The trial of the proceeding was then had before the Court, at which evidence was offered both by petitioner and the Warden, as respondent, and arguments were made by petitioner and for respondent Warden.

The matter was taken under advisement by the respondent, and on May 13, 1955 the Court filed its written opinion, embracing its findings of fact and conclusions of law, and ordering the dismissal of petitioner's petition, the material parts of which read:

"The undisputed evidence disclosed that petitioner was arrested in Indianapolis, Indiana on July 22, 1947 and charged with vagrancy with a bond fixed by the court. That the Police Department of Indianapolis were investigating a series of burglaries which had occurred and a lady had identified the petitioner from his picture as a guilty party. That the petitioner confessed to over 200 burglaries committed by him. An affidavit was filed in the

Marion County Criminal Court on July 28, 1947 charging the petitioner with crime of first degree burglary. He was represented by counsel of his employment, consisting of two reputable members of the Indianapolis bar. He was arraigned and entered a plea of not guilty. Thereafter he changed his plea from not guilty to guilty. He was sentenced to the Indiana State Prison on his plea of guilty, commitment was issued and he is now in custody of respondent by virtue thereof.

"The petitioner informed the Court during the trial that he was not contending that his plea of guilty was obtained through fraud or duress as alleged in his petition, and the officers testified fully as to all of the facts concerning the investigation, the confession of the petitioner and his plea of guilty, and there was no fraud or duress whatsoever. And the evidence without contradiction shows that petitioner entered his plea of guilty freely and understandingly and was represented by competent counsel at the time. But the petitioner contends that because he was denied the right to appeal in forma pauperis from the order of the Marion County Criminal Court in his coram nobis proceedings he has been denied due process. There is no merit in that contention whatsoever and as there is absolutely no evidence in this record showing any violation of any of the constitutional rights of the petitioner, the respondent should be discharged from the writ of habeas corpus, the prayer of the petition denied and it is so ordered."

■ When petitioner stated to the District Court on the hearing before it, that he was not contending that his plea of guilty was obtained through fraud and duress as alleged in his petition for writ of habeas corpus, he thereby removed the foundation necessary and essential to its jurisdictional existence, and terminated the same. In other words, it was no longer a proceeding involving actual controversy. Thus, the proceeding became moot, and ever since has remained so, requiring that it be dismissed, together with any other proceeding growing out of the same, such as the petition for writ of certiorari lodged by petitioner with this Court.

■■ As the District Court held, no question of federal due process was involved by reason of the denial to petitioner of leave to appeal as a poor person to the Indiana Supreme Court in the coram nobis proceeding instituted by him; and, in addition, it had absolutely nothing to do with occasioning the petitioner's detention. No deprivation of constitutional rights exists by reason of a state failing to provide for appeals in forma pauperis. Mallett v. North Carolina, 181 U.S. 589, 598, 21 S.Ct. 730, 45 L.Ed. 1015; Reetz v. Michigan, 188 U.S. 505, 508, 23 S.Ct. 390, 47 L.Ed. 563; McKane v. Durston, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867.

■ It should be noted that, on the face of petitioner's petition for certiorari lodged with this Court, it appears his plea of guilty stands unimpeached. His plea, therefore, is not a mere admission of guilt or extra-judicial confession of guilt; it is, itself, a conviction, and as conclusive as the verdict of a jury. One who has, like petitioner, entered such a plea, is to be held bound by it. Kercheval v. United States, 274 U.S. 220, 223–224, 47 S.Ct. 582, 71 L.Ed. 1009.

■ Furthermore, it should be observed that petitioner has failed to secure a certificate of probable cause in connection with his attempted appeal as required by 28 U.S.C. § 2253, without which there is no jurisdiction to entertain any review of his habeas corpus proceeding, or his petition for writ of certiorari, which is dependent thereon and ancillary thereto.

Permission is given to petitioner to file his petition with this Court, proceeding in forma pauperis. An order will be entered that the petition for a writ of certiorari be dismissed, and that all of petitioner's motions in connection therewith be severally denied.