**Johnny Ray SMITH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16068.**

United States Court of Appeals
Fifth Circuit.

Feb. 1, 1957.

William B. Moore, Jr., Montgomery, Ala., for appellant.

Hartwell Davis, and Robert E. Varner, Asst. U. S. Attys., Montgomery, Ala., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

PER CURIAM.

The motion for rehearing is denied.

We take notice, however, of counsels' professed inability to find any support in the record for the court's statement that the government's prosecuting agent and the district judge "conferred privately in chambers with regard to defendant's guilt and the punishment to be imposed therefor", and refer them to Agent Lill's testimony,[1] in which, after he had stated, "Quite frequently the Assistant United States Attorney or the United States Attorney requests that the background concerning the defendant be familiarized with the judge ahead of his sentencing":, the following colloquy appears on page 92:

"Q. Well, did you talk to the judge in order to give him the background? A. That's right.

"Q. In relation to possible sentencing? A. That's right.

"Q. That is why you were in there? A. That's right."

Further, while we are not convinced that the last sentence in the opinion, which counsel refer to as "the remanding order of the court", needs clarifying, in deference to their view that it does, the last paragraph of the opinion is amended to read:

"The judgment is reversed and the cause is remanded with directions to set aside the conviction and sentence and to proceed further and not inconsistently herewith, including, if the district judge is of the opinion that the ends of justice require it, permitting the defendant to withdraw his waiver of counsel and his plea of guilty and to stand trial."

RIVES, Circuit Judge (dissenting).

I think that the petition for rehearing should be granted, and therefore respectfully dissent. For reasons expressed on the original hearing of this appeal, it is still my opinion that the jurisdiction of the district court over the offense was never properly invoked. However, the majority has now made the present law of this case otherwise, and no longer can I assume want of jurisdiction on the part of the district court, and thereby excuse myself from considering the other questions ruled on by the majority. If the majority is correct in ruling that the offense charged could not be punished by death, and hence, was not required to be prosecuted by indictment under Rule 7 (a), Fed.Rules Crim.Proc., 18 U.S.C.A., then it seems to me that the judgment should be affirmed.

My brothers think that the district judge was "perhaps to some extent misled by the importance attached, in the opinion of this court on the former appeal, to the charge that Lill had made *false statements.*" [238 F.2d 928.] As the organ of the Court on the former appeal, it was my duty to know what was decided, and, with deference, I submit that the district judge was not misled

---

1.  pp. 86–92 Reporter's transcript in the California habeas corpus proceeding.

for that was precisely what was then held, my opinion for the Court concluding:

> "If, as the motion alleges, the defendant had not been convicted of, and had not committed, the crimes about which it is alleged that Agent Lill informed the district court, and if Agent Lill did in fact give false information as alleged to the district court, then the defendant's sentence would be lacking in due process, and subject to attack under Section 2255." Smith v. United States, 5 Cir., 223 F.2d 750, 754.

Further, that is the limit of the holding relied on in Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690;

> " * * * this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. Such a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand."

After a full and fair hearing, with appellant represented this time by able counsel, Judge Johnson found that the appellant was physically and mentally fit at the time he waived counsel, venue and indictment, pleaded guilty and was sentenced by Judge Kennamer, and, further, that at the time of the conference of Agent Lill with Judge Kennamer in chambers preceding the plea of guilty, Agent Lill did not intentionally or unintentionally make false statements of fact. I agree with those findings and my brothers do also, according to my understanding.

Nevertheless, my brothers hold that the conviction and sentence should be set aside. I cannot follow them that far. If the holding is that the trial lacked due process merely because it was speedy, and it was, such a holding does not seem to me to be supported by past precedents applicable to the circumstances of this case, and I think that it establishes a bad precedent for the future. If the holding is that appellant did not waive the assistance of counsel voluntarily within the tests of the Von Moltke case, Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, then it seems to me contrary to the clear record evidence in this case, and my brothers evidently are not sure of their ground, for they do not go so far as to set aside the waiver of counsel and the plea of guilty which followed. Indeed, it would not be realistically consistent to say that the waiver of counsel and the plea of guilty were not understandingly made, but that the appellant is bound by his waivers of venue and of indictment made as a part of the same overall transaction culminating in the plea of guilty. Again, I think that the present record shows that Judge Kennamer fully advised the accused of the nature of the charges, and that his plea of guilty was intelligently and understandingly made. True, he probably did not anticipate such a severe sentence, but the sentence was within the legal limits and its severity was the responsibility of Judge Kennamer, not of this Court. If my brothers set aside the conviction and sentence because of, as expressed in their opinion, "what seems so obvious to us, that hopes had been somehow raised in the minds and hearts of the defendants," then I can only say that I have searched the record in vain for anything other than mere speed alone to justify any such finding. We should presume that officers do their duty, and it seems to me an unfair reflection upon the United States Attorney and upon the late Judge Kennamer to set aside a conviction and sentence upon any such ground unless it is adequately supported by the record. Finally, if the majority action is based on what they term, "the wholly impermissible action of the judge and the agent in privately conferring on this case", then it seems to me to be founded on the flimsiest of technicalities.[1]  In the

1. The quotation toward the end of the opinion from the opinion of Judge Lynne   in United States v. Christakos, D.C., 83 F.Supp. 521, 525, should be construed

opinion on first appeal, Smith v. United States, 223 F.2d 750, 754, attention had been called to the importance of observing the safeguards prescribed by Rule 32(c) (1) of the Federal Rules of Criminal Procedure. There was no suggestion, however, that the conviction and sentence should be set aside merely because Judge Kennamer talked with Lill a few minutes before the appellant entered his plea of guilty rather than a few minutes thereafter. While such a practice should not be approved, injury therefrom should be made to appear before a conviction and sentence are set aside. The logic of such a holding would lead to the disqualification of any judge who had theretofore received and considered the probation service's report of its presentence investigation. Judge Johnson would be disqualified in this case to preside at a re-trial of the accused. In any case, the district judge who presided at one trial would, upon reversal and remand, be disqualified to re-try the accused because he had already heard and considered the presentence report. Any such precedent would be mischief-making indeed.

In reversing the judgment, my brothers accomplish part of what I think should be done upon this appeal, for, in my opinion, the judgment should be reversed and further should be rendered in favor of the appellant for want of jurisdiction of the district court to try him without indictment. What seems to me to be a desirable result so far as it goes, however, cannot justify me in concurring in the denial of a rehearing upon an opinion which, with deference, I consider to be unsound and to establish an impermissible precedent. I, therefore, respectfully dissent.

in connection with the question Judge Lynne was then considering, namely, whether possible defenses and mitigating circumstances within the rule of the Von Moltke case, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309, had been sufficiently explained to the accused so as to make certain that his waiver of counsel was understandingly made. That is made clear if we continue the quotation for one more sentence:

"For a judge to explore intelligently 'possible defenses to the charges' pending against an accused and 'circumstances in mitigation thereof,' a conference between judge and defendant would be indispensable and an independent, time consuming investigation, as broad and searching as the facts developed in the conference might suggest, would be a virtual necessity." 83 F.Supp. at page 525.