**Johnny Ray SMITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16708.**

United States Court of Appeals
Fifth Circuit.

Nov. 21, 1957.

William B. Moore, Montgomery, Ala., for appellant.

Hartwell Davis, U. S. Atty., Robert E. Varner, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

Here twice before under a Section 2255 (28 U.S.C.A. § 2255) proceeding, Smith

v United States, 5 Cir., 223 F.2d 750; Smith v. United States, 5 Cir., 238 F.2d 925, rehearing 240 F.2d 347, Smith, by this third appeal, presents for the first time an appeal [1] from the criminal conviction and sentence entered after our last remand.

On the hearing, the District Court set aside the sentence of conviction adjudging a thirty-year prison term and then imposed a sentence of ten years. But the Court denied the successive motions made by Smith to withdraw his (a) plea of guilty, (b) waiver of venue, (c) waiver of counsel and (d) waiver of indictment.[2]

By suitable language in the opinion itself and by similar precise terms in the mandate, we sought on rehearing,[3] 240 F.2d 347, to make plain that the sentence of conviction of thirty-years imprisonment was alone mandatorily to be set aside, and that as to the plea of guilty and waivers, the District Court was free to allow such of these as the interests of justice might require. The District Court, finding expressly that the interests of justice did not so require, paid scrupulous heed to, and carried out, the precise terms of our mandate. Whether the interests of justice required further

action was of the very nature calling for the exercise of the highest order of reasoned judicial discretion. Nowhere does Smith succeed in demonstrating that this conclusion lacks substantial basis.

All relief sought must therefore be denied; the judgment appealed from is affirmed, the denial of application for habeas corpus is affirmed and the alternative writ of mandamus is denied.

Affirmed and denied.

RIVES, Circuit Judge (dissenting).

I think that the offense charged in the information might be punished by death, and that the information did not confer jurisdiction on the Court for the reasons stated in my dissenting opinion in Smith v. United States, 238 F.2d 925, 931, et seq. Assuming jurisdiction, as ruled by the majority, I had thought, and still think, that the earlier judgment of conviction should have been affirmed, and that the reasons for reversal assigned by the majority were not sound, 240 F.2d 347, et seq.

As I understand, the majority held that the defendant was denied due process in the taking of waivers and plea and the imposition of sentence.[1] Nevertheless,

---

1. As a precautionary measure fully to preserve the points, Smith's able court-appointed counsel, simultaneous with the hearing below, filed a petition for habeas corpus. This is also an appeal from the denial of that writ. Additionally, Smith requests that we treat the main appeal as an alternative application for writ of mandamus to compel the District Judge to comply with our mandate.

2. Smith, recognizing that the Court, 238 F.2d 925, at page 929, with Judge Rives dissenting, pages 931–934, has expressly ruled adversely to his contentions, presents it again merely to preserve the point for possible certiorari review.

3. Our opinion on rehearing stated 240 F. 2d 347:
"Further, while we are not convinced that the last sentence in the opinion, which counsel refer to as 'the remanding order of the court', needs clarifying, in deference to their view that it does, the last paragraph of the opinion is amended to read:

" 'The judgment is reversed and the cause is remanded with directions to set aside the conviction and sentence and to proceed further and not inconsistently herewith, including, if the district judge is of the opinion that the ends of justice require it, permitting the defendant to withdraw his waiver of counsel and his plea of guilty and to stand trial.' "

1. "When it comes to the controlling question, however, which the motion presents, whether under the undisputed facts the defendant was denied due process in the taking of waivers and plea, and the imposition of sentence the matter stands quite differently, and because it is clear that it was not accorded to him, the judgment appealed from must be reversed.

"This is so, because, considering the inordinate speed, the incontinent haste, with which the defendants were brought up for hearing and the trial moved on apace, the fact that the government prosecuting agent and the district judge, before the defendant had made any waivers.

the last paragraph of the opinion was amended to read as set forth in the margin.[2]

If in the taking of the plea of guilty the defendant was denied due process, as this Court's opinion stated, then necessarily, it seems to me, the district judge had no discretion to entertain an opinion that the ends of justice permitted him to decline the defendant's request to withdraw such plea. The district court was directed to proceed "not inconsistently *herewith*," meaning with the majority opinion of this Court. Yet the district court refused the defendant permission to withdraw a plea of guilty which the majority of this Court in that opinion held was taken without due process of law. That is beyond my comprehension.

Further, it is deceptive and a sheer formality to set aside a judgment of conviction and at the same time hold valid the plea of guilty upon which that judgment was based. The two are inseparable. The setting aside of the judgment of conviction necessarily required the vacation of the plea of guilty.[3] Upon each of the foregoing grounds, I respectfully dissent.

or pleaded in the cause, conferred privately in chambers with regard to defendants' guilt and the punishment to be imposed therefor, in connection with both what was said and done and what was left unsaid and undone by the judge in taking the waivers and the plea and sentencing the defendant, we are left in no doubt that the movant was not accorded, but was denied, due process, and that the judgment against, and sentence imposed upon him may not stand." Smith v. United States, 5 Cir., 1956, 238 F.2d 925, 930.

2. " 'The judgment is reversed and the cause is remanded with directions to set aside the conviction and sentence and to proceed further and not inconsistently herewith, including, if the district judge is of the opinion that the ends of justice require it, permitting the defendant to withdraw his waiver of counsel and his plea of guilty and to stand trial.' " Smith v. United States, 5 Cir., 1957, 240 F.2d 347.

3. "A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009.

"His plea, therefore, is not a mere admission of guilt or extra-judicial confession of guilt; it is, itself, a conviction, and as conclusive as the verdict of a jury." Joyner v. Parkinson, 7 Cir., 1955, 227 F.2d 505, 508.

"Appellant's voluntary and deliberate plea of guilty to the charge was a confession of guilt, and constituted a waiver of his right to a jury trial and a consent to the imposition of any sentence authorized by law." Donnelly v. United States, 10 Cir., 1950, 185 F.2d 559, 560.

See also concurring opinion of Chief Judge Hutcheson in Shelton v. United States, 5 Cir., 1957, 246 F.2d 571, at page 574.