STATE EX REL. STATE DEPARTMENT OF AGRICULTURE, Appellant, vs. LAND O'LAKES ICE CREAM COMPANY and others, Respondents.

*March 14—May 1, 1945.*

For the appellant there was a brief by the *Attorney General* and *Anthony E. Madler,* assistant attorney general, and oral argument by *Mr. Madler.*

For the respondents there was a brief by *Karon & Weinberg,* attorneys, and *Morris Karon* of counsel, all of Milwaukee, and oral argument by *Mr. Karon* and *Mr. Marcus A. Jacobson* of Waukesha.

FOWLER, J. The State Department of Agriculture brought action in the circuit court for Waukesha county asking for a declaratory judgment construing sec. 98.12, Stats. The department moved for a summary judgment in its favor. The court denied the motion. The department has appealed from the order of denial.

Sub. (1) of the statute, sec. 98.12, declares that bottles used for the sale of milk and cream "shall be of the capacity of half gallon, three pints, one quart, one pint, half pint, one gill." Sub. (2) of the statute fixes a penalty of $500 against any manufacturer who sells bottles to be used in the sale of milk and cream not complying with sub. (1) as to size and markings to be recovered by an action by the attorney general and provides that any dealer who uses bottles that do not comply with the requirements of the statute as to markings and capacity shall be deemed guilty of using false and insufficient measures.

Sec. 98.25, Stats., declares that any person who uses false weights and measures shall be punished by a fine or imprisonment or both. The defendants are all dealers. Thus the action is brought to construe a criminal statute. The only factual basis of the action is that certain defendant dealers use gallon and other bottles not conforming with the statute in size in selling milk and cream and that the district court of Milwaukee county has held in a criminal case that such use of gallon bottles is not a violation of the statute. The basis of the claim for declaratory relief is that the holding of the Milwaukee court is widely known, wherefore convictions

cannot be procured, wherefore the only way to get a construction of the statute is by an action for declaratory judgment.

Assuming, but not deciding, this position to be correct, we are constrained to hold that the decision of the district court was correct. It based its ruling upon the decision under a like statute of the supreme court of the United States, *United States v. Resnick* [*Acme Can Co.*], 299 U. S. 207, 57 Sup. Ct. 126, 81 L. Ed. 127.

At first blush it might appear that as the instant statute declares that milk bottles of specified contents "shall" be used in the sale of milk the use of bottles of any other content is prohibited, under the rule of *inclusio unius est exclusio alterius*.

Also sub. (1) of the statute, sec. 98.12, contains the following clause:

"Bottles or jars used for the sale of milk or cream shall have clearly blown or otherwise permanently marked in the side of the bottle, the capacity of the bottle and the word 'Sealed' and in the side or bottom of the bottle the name, initials or the trade-mark of the manufacturer and designating number, which designating number shall be different for each manufacturer and may be used in identifying the bottles."

This with the provision of sec. 98.25, Stats., that dealers who use bottles not complying with the capacities prescribed by sub. (1) are guilty of a criminal offense seems to indicate that the legislature thought they were making usable only bottles of such capacities as are designated in sub. (1). But the intent of the framers of the statute to accomplish a purpose does not accomplish such purpose unless the language of the statute is such as to effectuate that purpose. The instant language fails in this respect because, as hereinafter pointed out, it does not expressly prohibit and because it would make the user of a gallon or other bottle of nonconforming size guilty of using a false measure when the measure was in fact true.

The statute involved in the *Acme Can Co. Case, supra,* declared that standard hampers for the sale of fruits and vegetables should be of nine specified capacities, all fractions of a bushel, and did not include a capacity of two quarts. Sec. 4 provided that no manufacturer should manufacture hampers unless their specified capacity was approved by the secretary of agriculture, who was directed to approve the specified capacity if he found the hampers not deceptive in appearance and that they complied with sec. 1. Sec. 5 declared it unlawful to manufacture hampers not complying with the statute and that violators were guilty of a misdemeanor and punishable by a fine.

The defendant was charged with manufacturing two-quart hampers for use in the sale of fruits and vegetables. The court held that the statute being criminal it should be strictly construed in favor of the accused and that so construed the statute did not forbid the manufacture of two-quart hampers. The court said (p. 210) :

"The act . . . expresses no condemnation of two-quart hampers. Before one may be punished, it must appear that his case is plainly within the statute. . . . As in absence of governmental regulation the making and selling of containers is untrammeled, failure expressly to permit is not to prohibit."

Applying the above reasoning to this case the complaint herein does not show the use of gallon bottles to be a violation of the statute, as failure expressly to permit does not prohibit. This statute as applied to the defendants like the federal statute involved in the *Acme Can Co. Case, supra,* is, as first pointed out, a criminal statute.

Sec. 98.25, Stats., declares that anyone who uses any false measure in selling milk or cream shall be punished by fine or imprisonment. This is the statute under which those using gallon or other nonconforming bottles must be prosecuted if at all and the only way the department has of enforcing the

statute is by criminal prosecution. There is no charge or claim that the gallon or other nonconforming bottles in use are in fact false measures. Obviously merely saying in the statute that a bottle not named in the statute is a false measure cannot make it so; nor can declaring that one using such a bottle that is in fact a correct measure, is guilty of using a false measure make one so guilty. That is mere legislative fiat, declaring what is not a fact to be a fact. Thus no one can be convicted in a criminal case by merely using a gallon or other nonconforming bottle. To justify conviction there would have to be allegation and proof that the bottle used was in fact a false measure.

As it appears upon the face of the statute that it cannot be enforced against dealers by criminal action the motion of the plaintiff for a summary judgment was properly denied. Under sub. (3) of the summary-judgment statute, sec. 270.635, providing that if upon motion of the defendant it appears to the court that plaintiff is entitled to a summary judgment it may be awarded to him even though he has not moved therefor, it would seem that the obverse follows and that the court might properly have granted a summary judgment to the defendant. It is a poor rule that does not work both ways. However it is sufficient to rule that the order of the circuit court be affirmed.

*By the Court.*—The order of the circuit court is affirmed, without costs to defendants. The plaintiff will pay the fees of the clerk of this court.