PIED PIPER SUPER MARKET OF LINDEN, NEW JERSEY, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF, v. FLOYD R. HOFFMAN, DIRECTOR OF THE OFFICE OF MILK INDUSTRY, DEPARTMENT OF AGRICULTURE, AND WALTER H. CRAMER, STATE SUPERINTENDENT OF WEIGHTS AND MEASURES, DEPARTMENT OF LAW AND PUBLIC SAFETY, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted April 11, 1960—Decided April 18, 1960.

Before Judges GOLDMANN, CONFORD and HANEMAN.

*Mr. William L. Boyan,* Deputy Attorney General, for the motion (*Mr. David D. Furman,* Attorney General, attorney for defendants; *Mr. G. Douglas Hofe, Jr.,* on the brief).

*Mr. Otto E. Riemenschneider,* attorney for plaintiff, against the motion (*Mr. Charles F. Krause, III,* on the brief).

The opinion of the court was delivered by

GOLDMANN, S. J. A. D.   Plaintiff, by petition for declaratory judgment under *R. R.* 4:88–10, seeks to review the validity of Order No. 59–3 promulgated by defendant Director of the Office of Milk Industry, effective January 1, 1960, and to compel defendant State Superintendent of Weights and Measures to enforce the provisions of *R. S.* 51:1–30. Defendants move for summary judgment.

Plaintiff is engaged in the business of selling groceries and dairy products at retail, including milk in pints, quarts and half-gallons, allegedly in reliance upon *R. S.* 51:1–30, the terms of which we reproduce here for convenience:

"Bottles used for the sale of milk and cream shall be of the capacity of half gallon, three pints, one quart, one pint, half pint, and one gill, filled to the bottom of the cap, ring or stopple.   The following variations on individual bottles or jars may be allowed: Six drams above and six drams below on the half gallon; five drams above and five drams below on the three pints; four drams above and four drams below on the quart; three drams above and three drams below on the pint; two drams above and two drams below on the half pint; and two drams above and two drams below on the gill.

Bottles or jars used for the sale of milk shall have clearly blown, or otherwise permanently marked, in the side or bottom of the bottle, the name, initials or trade-mark of the manufacturer and his individual designating number to be used in identifying the bottles, which number shall be different for each manufacturer.   The designating number shall be furnished by the state superintendent, upon application by the manufacturer, and a record thereof shall be kept in the office of the state superintendent."

The petition alleges that notwithstanding the provisions of *R. S.* 51:1–30, defendant Director promulgated Order No. 59–3 which, in sections II(2) and III(2)(i), impliedly authorizes the sale at retail of half-and-half and milk, respectively, in one-gallon containers, and fixes the price thereof to the consumer.   Petitioner charges that the order is illegal and void because (1) it violates the explicit provisions of

*R. S.* 51:1–30 and (2) permissive use of gallon containers subjects the consuming public to unnecessary health risks in that (a) there is an increased possibility of bacterial invasion of unused milk remaining for comparatively longer periods of time in already opened containers, (b) there is an additional danger of bacterial invasion to be anticipated from consumer overbuying beyond family needs because of the reduced price and without heed for proper storage facilities, (c) increased difficulty in properly cleaning empty containers, and (d) increased risk of injury to members of the consuming family through breakage of the heavier, more clumsy containers.

A further reason advanced, and which probably indicates the real reason for the petition, is that the order "places unreasonable and discriminatory competitive burden upon the petitioner, and others conducting the sale of milk from retail stores, in that consumers will prefer to arrange for the home delivery of the said heavy gallon jug type container, rather than personally carry the burdensome receptacle to their homes, as heretofore."

Petitioner further contends that defendant State Superintendent of Weights and Measures is obligated to see to the proper enforcement of and compliance with the provisions of *R. S.* 51:1–30, and would be derelict in not so acting, by virtue of *R. S.* 51:1–54, and more particularly *R. S.* 51:1–63.

Petitioner asks that we adjudge Order No. 59–3 illegal and void *in its entirety,* as beyond the power of defendant Director to promulgate; that he rescind the order; that defendant State Superintendent enforce the provisions of *R. S.* 51:1–30; and, finally, that petitioner be permitted to take testimony.

It is defendants' position that the sale of milk in gallon containers is expressly authorized by *R. S.* 51:1–10 and is not impliedly prohibited by *R. S.* 51:1–30. They argue, and we agree, that to follow the usual steps in prosecuting the proceedings under *R. R.* 4:88–10, relating to petitions

for declaratory judgments, would be wasteful of time and money, and completely unnecessary, if we rule in their favor on the primary issue in this case.

Order No. 59–3, of which plaintiff complains, was promulgated by defendant Director after holding an extended public hearing pursuant to *N. J. S. A.* 4:12*A*–22 and 23. None of the testimony or exhibits there received has any relevance to the primary issue before us, so that there is no need at this stage to have the Director file a copy of the proceedings before him.

*R. S.* 51:1–10 expressly permits the marketing of milk and cream by the gallon:

"All milk, skimmed milk or cream, except such as may be bought or sold either by weight or on the butter fat basis, shall be sold, offered for sale or received for the purpose of sale by the liquid gallon, or the liquid quart or the proper and complete liquid subdivisions thereof."

The source of this section is *L.* 1907, *c.* 150, § 1, which prohibited the sale of milk or cream except "as to quantity based upon the liquid gallon, containing two hundred and thirty-one cubic inches, or the liquid quart, containing fifty-seven and seventy-five one hundredths cubic inches, or the proper and complete liquid subdivisions thereof." *Section* 3 of that statute provided that nothing in the act be construed as prohibiting the buying or selling of milk or cream either by weight or on a butterfat basis.

No public agency was charged with enforcing the 1907 act. Private enforcement proved ineffectual. In 1908 the Legislature passed *chapter* 259 establishing a uniform standard of weights and measures, and by *section* 27 authorized municipalities to appoint a sealer of weights and measures and such deputy or deputies as might be deemed necessary to enforce the law. This act, too, proved ineffectual. See "Need for Supervision of Weights and Measures in the State of New Jersey," a report by the United States Bureau of Standards and the Robert L. Stevens Fund for Municipal

Research, dealing with conditions of weights and measures in 11 New Jersey cities, submitted to the Secretary of State and by him transmitted to the State Legislature on January 30, 1911, *pp.* 3 *et seq.* Acting on the recommendations of the Secretary of State based upon the findings of this report, the Legislature adopted *L.* 1911, *c.* 201, establishing a State Department of Weights and Measures to combat the defrauding of milk consumers by the use of containers with a lesser capacity than those customarily employed, but superficially distinguishable from them. In 1912 the Legislature adopted *c.* 362, a supplement to the 1911 act, setting out the standard capacities of containers within the range usually bought by the consuming public. It further required that bottles or jars have permanently marked in their sides or bottoms the identification of the manufacturer. The 1912 act was an effective means of dealing with the problem of consumer deception in the marketing of milk in commonly used containers. It survives as *R. S.* 51:1–30.

Plaintiff argues that this act was intended to outlaw the use of containers not expressly authorized, even if their capacity was outside the range covered by the statute and even as applied to a container with an easily determined capacity, such as a gallon. This contention would give to the 1912 act, now *R. S.* 51:1–30, a purpose and scope much broader than its legislative history would indicate.

We find no merit in plaintiff's contention. *R. S.* 51:1–10 is entirely clear in authorizing the use of gallon containers in connection with the sale of milk and cream. We view *R. S.* 51:1–30 as simply fixing the tolerances permissible in containers within the range of capacity most commonly used—nothing more. *Cf. United States v. Resnick,* 299 *U. S.* 207, 57 *S. Ct.* 126, 81 *L. Ed.* 127 (1936), which held that a statute fixing the size of hampers for fruits and vegetables within a range from one-eighth bushel to two bushels did not forbid the use of a one-sixteenth bushel hamper, one-half the capacity of the smallest container expressly authorized by the statute. *Resnick* was followed

in *State v. Land O'Lakes Ice Cream Co.*, 247 *Wis.* 26, 18 *N. W. 2d* 325 (*Sup. Ct.* 1945).

Not only is the gallon-capacity milk container permitted by *R. S.* 51:1–10, but there is the additional factor of the long continued construction of the statute by the agency charged with its enforcement. Such interpretation is entitled to great weight. *Lane v. Holderman*, 23 *N. J.* 304, 322 (1957). The Division of Weights and Measures, in the Department of Law and Public Safety, has never interpreted the 1912 act (*R. S.* 51:1–30) as forbidding the sale of milk in gallon containers. Nor did its predecessor, the Department of Weights and Measures. The agency's rules and regulations, issued pursuant to *L.* 1911, *c.* 201, § 18, now *R. S.* 51:1–61, have since 1925 recognized the gallon as a proper measure for the sale of milk. It prescribed the gallon and binary submultiples as proper for milk containers. *Regulation* 9, April 15, 1925. The Department of Weights and Measures, under *Regulation* 46, as amended, December 15, 1955, adopted and promulgated the *National Bureau of Standards Handbook H–44* (*2d ed.* 1955), as applicable in New Jersey. The *Handbook, Regulation* S.1, *p.* 121, provides that retail containers shall have capacities of from one gill to two gallons, and *Regulation* T.1, *p.* 123, fixes tolerances for the one-gallon container. It may incidentally be observed that the gallon has from earliest times been the standard of liquid measure.

Holding, as we do, that the Legislature under *R. S.* 51:1–10 specifically authorized the use of gallon containers in connection with the sale of milk, and that we perceive no legislative intention whatsoever to outlaw the use of such containers, summary judgment will be granted.