**UNITED STATES v. A & P TRUCKING CORP. et al.**

**Cr. A. No. 346–52.**

United States District Court
D. New Jersey.
June 22, 1953.

**7.** Commission's brief, pp. 32 and 33.

Grover C. Richman, Jr., U. S. Atty., Newark, N. J., for plaintiff.

Milton T. Lasher, Hackensack, N. J., for defendants.

MODARELLI, District Judge.

Defendants, A & P Trucking Corporation and Anthony Oriente, were charged in an information with violating a regulation of the Interstate Commerce Commission, 49 C.F.R., Section 77.823, promulgated pursuant to 18 U.S.C. § 835. The evidence showed that the defendant Oriente operated a truck in interstate commerce owned by the defendant A & P Trucking Corporation, transporting a quantity of lacquer and lacquer thinners, reducers, and reducing compounds, without the requisite markings on the vehicle. For the defendant it is argued, however, that there was no evidence that these materials so transported were "flammable" within the definition of the applicable Regulation.

At the close of all the evidence, the defendants moved for a judgment of acquittal. Decision was reserved on the motion and the case submitted to the jury. The jury returned a verdict of not guilty in favor of the defendant corporation and one of guilty against the defendant Oriente. The case is now before me on the defendant Oriente's motion for judgment of acquittal after verdict under Rule 29(b), 18 U.S.C.A.

The statute provides, *inter alia*, that "The Interstate Commerce Commission shall formulate regulations for the safe transportation within the limits of the jurisdiction of the United States of explosives and other dangerous articles, including flammable liquids, flammable solids * * * which shall be binding upon all common carriers engaged in interstate or foreign commerce which transport explosives or other dangerous articles by land * * *." The statute provides a penalty of fine or imprisonment, or both, for those who knowingly violate any such regulation.

Pursuant to the statutory mandate, the Interstate Commerce Commission published regulations requiring markings or placards on motor vehicles transporting flammable liquids under certain conditions. 49 C.F.R., Section 77.823. In a corresponding regulation, 49 C.F.R., Section 73.115, such flammable liquids ("for the purpose of parts 71–78" of the regulations) were defined as "any liquid which gives off flammable vapors (as determined by flash point from *Tagliabue's open-cup tester*, as used for test of burning oils) at or below a temperature of 80° F." (Emphasis supplied.)

An expert witness for the government testified that the materials transported had flash points of 32°, 36°, and 45°, as determined by the closed cup method of testing. Other evidence of flammability was contained in the bill of lading covering the shipment, showing "Flash Point between 20°–80° F." and stamped "Red Label."

There is no evidence, however, that the flash point of the materials was determined "by flash point from Tagliabue's open-cup tester, as used for test of burning oils," and it is the lack of this evidence that defendant urges is fatal to lawful conviction.

■ In disposing of this question we may assume that the Regulations were validly promulgated by the Interstate Commerce Commission pursuant to lawful statutory authority and appropriate statutory standards. United States v. Boyce Motor Lines, Inc., D.C.N.J.1950, 90 F.Supp. 996, 1000, reversed on other grounds, 3 Cir., 188 F.2d 889, affirmed, 342 U.S. 337, 96 L.Ed. 367, 72 S.Ct. 329; Yakus v. United States, 1952, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834. As such, these regulations have the force and effect of law. Atchison, T. & S. F. R. Co. v. Scarlett, 1937, 300 U.S. 471, 57 S.Ct. 541, 81 L.Ed. 748, rehearing denied in 301 U.S. 712, 57 S.Ct. 787, 81 L.Ed. 1365.

In the Atchison v. Scarlett case, supra, the court said, 300 U.S. at page 474, 57 S.Ct. at page 543:

"The regulation having been made by the commission [Interstate Commerce Commission] in pursuance of constitutional statutory authority, it has the same force as though prescribed in terms by the statute."

■ It is wholly competent for Congress to make the violation of the Commis-

sion's rules and regulations a crime, as it has done here. United States v. Grimaud, 1911, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563. Thus, in construing the Regulations we apply the same canons of construction and interpretation as apply to the statutes themselves. M. Kraus & Bros. v. United States, 1946, 327 U.S. 614, 621, 66 S.Ct. 705, 90 L.Ed. 894, 898. A violation of the regulations calls into play the criminal sanctions of the statute; hence, "the same strict rule of construction that is applied to statutes defining criminal action" must be applied here. M. Kraus & Bros. v. United States, supra, 327 U.S. at page 621, 66 S.Ct. at page 707. The canons of construction applicable here are such as will strictly interpret the regulations, in favor of the defendant, so as not to convict unless the facts are clearly shown to be within the regulatory proscription. "Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to extend to cases not covered by the words used." United States v. Resnick, 1936, 299 U.S. 207, 209, 57 S.Ct. 126, 127, 81 L.Ed. 127, 129. This rule of construction has been applied in a long line of decisions. United States v. Lacher, 1890, 134 U.S. 624, 628, 10 S.Ct. 625, 33 L.Ed. 1080, 1083; Todd v. United States, 1895, 158 U.S. 278, 15 S.Ct. 889, 39 L.Ed. 982; Donnelley v. United States, 1928, 276 U.S. 505, 511, 48 S.Ct. 400, 72 L.Ed. 676, 678.

In the Donnelly case, supra, 276 U.S. at page 511, 48 S.Ct. at page 401, the court said:

> "And regard is always to be had to the familiar rule that one may not be punished for crime against the United States unless the facts shown plainly and unmistakably constitute an offense within the meaning of an act of Congress. (Cases cited.)"

The plain meaning of the regulation applies the criminal sanction to persons unlawfully transporting such articles as are flammable according to a prescribed test and standard: "determined by flash point from Tagliabue's open-cup tester." The government may not disregard this definitive provision. It is the essential test to convict under the applicable regulations.

If the test seems unduly restrictive, as to method, and the brand of testing equipment, it is for the administrative body to provide for the use of *any* generally accepted and approved testers which can fairly and accurately serve the purpose intended.

Defendant's motion to set aside the verdict is granted and a judgment of acquittal will be entered.

An order may be submitted in conformity with the opinion herein expressed.