**UNITED STATES of America,
Appellant,**

v.

**Robert L. STRAUSS, Appellee.**

**No. 18360.**

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1960.

Roger G. Connor, Rufus D. McLean, Atty., Dept. of Justice, Washington, D. C., E. Coleman Madsen, U. S. Atty., Miami, Fla., Malcolm Richard Wilkey, Asst. Atty. Gen., Donn E. Garvey, Attorney, Department of Justice, Washington, D. C., for appellant.

Thomas B. DeWolf, Miami, Fla., Helliwell, Melrose & DeWolf, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

This appeal by the United States is from a judgment dismissing a one-count indictment [1] which purported to charge a violation of Title 18, U.S.C. § 152, paragraph 6.[2]

The indictment alleged that, upon an involuntary petition, Strauss Jewelers, Inc., was adjudicated a bankrupt on November 9, 1955; that the receiver and trustee in bankruptcy, despite diligent efforts, have been unable to locate any assets of said bankrupt; that the defendant was president and principal stockholder of said bankrupt corporation. The indictment continued:

"8. That from about February 1, 1955, to about October 21, 1955, within the Southern District of Florida, and within the jurisdiction of this Court, Robert L. Strauss, while an officer of Strauss Jewelers, Inc., a corporation, and in contemplation of a bankruptcy proceeding by or against the said Strauss Jewelers, Inc., and with intent to defeat the bankruptcy laws of the United States, did knowingly and fraudulently transfer and cause to be transferred, property of the said Strauss Jewelers, Inc., in violation of Title 18, United States Code, Section 152, Paragraph 6.

---

1. See 18 U.S.C.A. § 3731 for authority of the United States to appeal.

2. "Whoever, while an agent or officer of any person or corporation, and in contemplation of a bankruptcy proceeding by or against such person or corporation, or with intent to defeat the bankruptcy law, knowingly and fraudulently transfers or conceals any of the property of such person or corporation * * *.

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

"9. That the unlawful and fraudulent transfer of the property of the said Strauss Jewelers, Inc., by the said Robert L. Strauss was accomplished as follows: the said Strauss Jewelers, Inc., operated its business through retail store corporations. The said Strauss Jewelers, Inc., generally purchased for and supplied the said retail store corporations with goods, wares, and merchandise that they sold, for which they were indebted to the said Strauss Jewelers, Inc. In the regular course of business monies secured by the said retail store corporations from the sale of the goods, wares, and merchandise furnished them by Strauss Jewelers, Inc., were delivered to Strauss Jewelers, Inc., on a daily basis and deposited in a bank account of the corporation. In the course of business all books and records of the retail store corporations were maintained and kept under the supervision of Strauss Jewelers, Inc., in Miami, Florida. Five of the said retail store corporations had places of business in the State of Georgia, and are more particularly identified as follows:

"Ferrell's of Atlanta, Inc.,
  Atlanta, Georgia.

  "Southern Optical Company, Inc.,
  d/b/a Ross-Buhl Jewelry & Optical Co.,
  Atlanta, Georgia.

  "West End Jewelers, Inc.,
  d/b/a Ross Jewelers,
  Atlanta, Georgia.

  "Ross Jewelers, Inc., of Atlanta,
  Atlanta, Georgia.

  "Ross Jewelers, Inc., of Columbus,
  Columbus, Georgia.

"10. With respect to the five retail store corporations enumerated above, the said Robert L. Strauss furnished funds to the intended fraudulent transferee of the assets of said stores for use by the said transferee to make fictitious loans to the said five retail store corporations, whereupon the said Robert L. Strauss, as an officer and stockholder of each such retail store corporation, would pledge its assets to the said transferee, purportedly to secure such fictitious loan, thereby making it possible for said transferee to foreclose on said loan and secure title to the assets of each such retail store corporation, thereby rendering the assets of each such retail store corporation out of the reach of the creditors of Strauss Jewelers, Inc., and the duly appointed and authorized officers of the Court, although the said Robert L. Strauss would and did retain contingent interests in the assets of said stores. The said Robert L. Strauss, during the period from March 19, 1955, through October 10, 1955, did cause title to the assets of the aforesaid retail store corporations to be transferred to the corporation AVS by means of checks, traveling full circle from the account of the said Strauss Jewelers, Inc., in the Pan American Bank of Miami, Miami, Florida, through the personal account of Robert L. Strauss in the Pan American Bank, to the account of Alex Van Straaten in the Mercantile Bank of Miami Beach, Miami Beach, Florida, to the account of AVS in the Bank of Miami Beach, to the account of one of the said retail store corporations in the Bank of Georgia, Atlanta, Georgia, or in the First National Bank of Columbus, Columbus, Georgia, in the case of the Ross Jewelers of Columbus store, and finally back to the Strauss Jewelers, Inc., Account in the Pan American Bank; the check of the said corporation AVS to the retail store corporation serving in each case as a pretended loan by AVS to such retail store corporation, as security for which the said Robert L. Strauss, as officer and stockholder of such retail store corporation, pledged its assets to AVS, and further, as a result of such

pledge, the said corporation AVS foreclosed on the said loan and thereby secured title to the assets of the said retail store corporation."

■ The grounds of the motion to dismiss sufficiently pointed out the defects in the indictment hereinafter discussed.

It is impossible to discover in this extremely verbose indictment "a plain, concise and definite written statement of the essential facts constituting the offense charged." [3]

The indictment fails to identify any property of Strauss Jewelers, Inc., which the defendant transferred or caused to be transferred. The five "retail store corporations" named in paragraph 9 of the indictment appear to be separate legal entities from Strauss Jewelers, Inc. There are no sufficient allegations to pierce the corporate veil. [4]

■ The gist of the offense charged in the indictment is a fraudulent transfer of property of Strauss Jewelers, Inc. The transfer to the retail store corporations as alleged in paragraph 9 was apparently in the usual and regular conduct of the business. The retail store corporations "were indebted to Strauss Jewelers, Inc." for the goods supplied to and sold by them. Paragraph 10 charges that the defendant's fraudulent scheme resulted in "rendering the assets of each such retail store corporation out of the reach of the creditors of Strauss Jewelers, Inc., and the duly appointed and authorized officers of the court." Fraudulent transfer of the assets of the debtor retail store corporations is not, however, the legal equivalent of fraudulent transfer of the property of the creditor Strauss Jewelers, Inc., especially when such transactions are viewed in the light of the rule that statutes defining criminal misconduct must be strictly construed. "Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to extend to cases not covered by the words used." United States v. Resnick, 1936, 299 U.S. 207, 209, 57 S.Ct. 126, 127, 81 L.Ed. 127.

When the indictment is construed as a whole, that is the general averments of paragraph 9 with the specific allegations of paragraphs 10 and 11, it fails to charge a fraudulent transfer of any reasonably identified property of Strauss Jewelers, Inc.

■ In our opinion, the indictment does not inform the defendant of the nature and cause of the accusation with such reasonable certainty that he can make his defense and protect himself after judgment against another prosecution on the same charge. [5]

The district court properly sustained the motion to dismiss, and its judgment is

Affirmed.

3. Rule 7(c), Federal Rules of Criminal Procedure, 18 U.S.C.A.

4. Compare Maule Industries, Inc. v. Gerstel, 5 Cir., 1956, 232 F.2d 294, 297.

5. Amendment 6 to the Constitution; United States v. Cruikshank, 1876, 92 U.S. 542, 544, 558, 23 L.Ed. 588; United States v. Simmons, 1878, 96 U.S. 360, 24 L.Ed. 819; Burton v. United States, 1906, 202 U.S. 344, 26 S.Ct. 688, 50 L. Ed. 1057; Bartell v. United States, 1913, 227 U.S. 427, 33 S.Ct. 383, 57 L.Ed. 583; Hagner v. United States, 1932, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861; United States v. Debrow, 1953, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92.