**R. D. DOUGLAS, Jr., Plaintiff,**

v.

**Willard WIRTZ, Secretary of Labor of United States, Defendant.**

**No. C-179-G-63.**

United States District Court
M. D. North Carolina,
Greensboro Division.

Aug. 6, 1964.

C. Kitchin Josey, R. D. Douglas, Jr., Greensboro, N. C., for plaintiff.

R. Dickey Hamilton, U. S. Dept. of Justice, Jack I. Orlove, Dept. of Labor, R. Bruce White, Jr., Asst. U. S. Atty., Greensboro, N. C., for defendant.

GORDON, District Judge.

This action seeks a declaratory judgment holding erroneous the Secretary of Labor's interpretation of the provisions of 29 U.S.C. § 433(b), § 433(c) and § 434 (§ 203(b), § 203(c) and § 204 of the Labor-Management Reporting and Disclosure Act of 1959). The plaintiff is a practicing attorney who specializes in Labor Law. Each party to the action has moved for summary judgment.

The specific provisions of said Act, which are in controversy, are as follows: 29 U.S.C. § 433:

"(b) Every person who pursuant to any agreement or arrangement with an employer undertakes activities where on object thereof is, directly or indirectly—·

"(1) to persuade employees to exercise or not to exercise, or persuade employees as to the manner of exercising, the right to organize and bargain collectively through representatives of their own choosing; or

"(2) to supply an employer with information concerning the activities of employees or a labor organization in connection with a labor dispute involving such employer, except information for use solely in conjunction with an administrative or arbitral proceeding or a criminal or civil judicial proceeding;

"shall file within thirty days after entering into such agreement or arrangement a report with the Secretary, signed by its president and treasurer or corresponding principal officers, containing the name under which such person is engaged in doing business and the address of its principal office and a detailed state-

ment of the terms and conditions of such agreement or arrangement. Every such person shall file annually, with respect to each fiscal year during which payments were made as a result of such an agreement or arrangement, a report with the Secretary, signed by its president and treasurer or correspondent principal officers, containing a statement (A) of its receipts of any kind from employers on account of labor relations advice or services, designating the sources thereof, and (B) of its disbursements of any kind, in connection with such services and the purposes thereof. In each such case such information shall be set forth in such categories as the Secretary may prescribe.

"(c) Nothing in this section shall be construed to require any employer or other person to file a report covering the services of such person by reason of his giving or agreeing to give advice to such employer or representing or agreeing to represent such employer before any court, administrative agency, or tribunal of arbitration or engaging or agreeing to engage in collective bargaining on behalf of such employer with respect to wages, hours, or other terms or conditions of employment or the negotiation of an agreement or any question arising thereunder."

The plaintiff announced at the time of the oral argument and in his brief that he was making no contention that the Secretary of Labor's interpretation of the Act violated and was contrary to the provisions of 29 U.S.C. § 434, and therefore these provisions of this section are not alluded to further in this opinion as there exists no contrary contentions thereto.

The question presented for decision is as follows: Must a person, attorney or otherwise, who is required to file the annual report referred to in 29 U.S.C. § 433(b), include in the required report, a statement of receipts of any kind received from, and disbursements made on behalf of, *all employers* on account of labor relations advice or services, irrespective of whether the particular payments and disbursements were in connection with the activities referred to in 29 U.S. C. § 433(c)?

Stated another way, the question is this: If a report is required of a person under 29 U.S.C. § 433(b) does 29 U.S.C. § 433(c) exempt such person from having to report on other labor law practice, consisting of: (1) Giving or agreeing to give advice to the employer; (2) Representing or agreeing to represent the employer in court or before administrative agencies or in an arbitration proceedings; (3) Engaging in or agreeing to engage in collective bargaining for the employer?

Under 29 U.S.C. § 402(d) a "person" is defined to include "One or more individuals" or "Legal representatives".

The stipulations of the parties establish that the relevant facts are not in dispute. Both sides have moved for summary judgment, and the court is of the opinion that the motion of the plaintiff for summary judgment should be allowed. Rule 52(a) Federal Rules of Civil Procedure provides that where summary judgment is granted, there is no need to make findings of fact. Therefore, the pertinent facts only are summarized herein in narrative form.

The plaintiff, an attorney, devotes the majority of his time to the practice of Labor Law. He represents employers in National Labor Relations Board elections, in collective bargaining, in unfair labor practice litigation, and before the Federal Courts. On three occasions, twice in 1960 and once in 1961, the plaintiff spoke directly to assembled employees. It appears in the stipulations that, for the purpose of this decision, it is agreed that the three appearances were within the purview of 29 U.S.C. § 433 (b) and reportable. The plaintiff did not initially, with regard to the three speeches, file the thirty day report required under 29 U.S.C. § 433(b) and contended

that he was of the opinion that none of the speeches were of such nature as to require reporting under 29 U.S.C. § 433 (b). The plaintiff did, after demand from the Secretary of Labor, file the reports setting out the arrangement with his client in each of the three cases. Also, he filed an annual report for 1960 and 1961, setting out only receipts and disbursements connected with the three speeches.

The Secretary of Labor demanded that the plaintiff amend his annual reports and show his receipts from all his Labor Law practice in 1960 and 1961, and also amend said reports to show any disbursements from such receipts, including the prorating of office expenses such as office rent, salaries, stamps, etc., to each case. Also, it appears that the 1961 report reflected that some of plaintiff's fee for the 1961 speech was not paid until 1962, and the Secretary of Labor demands a full report of all receipts by the plaintiff from all Labor Law practice for the year 1962 and the report to include any and all disbursements from such fees, including a proration of office expenses to each case.

The plaintiff refused to report other than the receipts and disbursements relating to the three speeches, and has reported nothing with regard to his general Labor Law practice involving the giving of advice to employers, representing employers in court or before administrative agencies, services in collective bargaining, negotiating agreements and the like. Plaintiff claims that the hereinbefore mentioned services, other than the three speeches, are exempt from the reporting requirement by the express terms of 29 U.S.C. § 433(c).

The Secretary of Labor takes the position that a proper interpretation of 29 U.S.C. § 433(c), when read in conjunction with 29 U.S.C. § 433(b), is that when a person engages in activities covered by 29 U.S.C. § 433(b), that a full annual disclosure of receipts and disbursements is required with regard to all Labor Law practice of such person,

and that the terms of 29 U.S.C. § 433(c) does not exempt such person.

■ Both parties urge that the subject statutes have a clear meaning, each party contending that there is little, if any, ambiguity. However, the court deems that there is an ambiguity. Statutes are open to construction, not as a matter of course, but only where the language used requires interpretation. It is only where the language used will bear two or more constructions or is of such doubtful or obscure meaning that "reasonable minds might be uncertain or disagree as to the meaning" that construction must be given by the court. 50 Am.Jur., Statutes, § 225, Osaka Shosen Kaisha Line v. United States of America, 300 U.S. 98, 57 S.Ct. 356, 81 L.Ed. 532 (1937).

The provisions of 29 U.S.C. § 433(b) when read in conjunction with the provision of 29 U.S.C. § 433(c) leaves, in the opinion of the court, some doubt as to what was intended. § 433(b) states that annually a report must be filed showing "receipts of any kind from employers on account of labor relations advice or services * * *" § 433(c), immediately following, states that "[n]othing in this section shall be construed to require any * * * person to file a report covering the services of such person by reason of his giving or agreeing to give advice to such employer or representing * * * such employer before any court * * *."

■ All rules for the interpretation of statutes have for their sole object the discovery of legislative intent. In Brotherhood of Local Firemen and Enginemen v. Northern Pacific Railway Co., 8 Cir., 274 F.2d 641 (1960), the Court said:

"Courts should, if possible, heed the intention and purpose of Congress in enacting legislation. * * * They should avoid giving a statute any other construction than that which its words demand."

The record in this action is not conclusive as to the legislative intent rela-

tive to the question raised by this action. However, considering the record as a whole, the legislative history of the Labor-Management Reporting and Disclosure Act of 1959 and the apparent abuses in the labor-management field intended to be corrected, the court is of the opinion that Congress intended in the enactment of § 433(c) to exempt and not require a report of any kind by a person with regard to work and services performed of the nature set out in § 433(c) even though in a given year such person during such year performed "activities" set out in § 433(b).

■■ Congress, in enacting the legislation, was obviously striking at the undercover deals purportedly taking place at the time in the Labor-Management field. The thirty day report required by § 433(b) gives some information therein that might be helpful in pinpointing and eliminating such shadowy practices, but it is not reasonable to believe that the mere reporting of fees and expenditures from other clients where there were no § 433(b) reportable activities performed for such clients would serve any real purpose. There is apparently no contention that the services listed in § 433(c) are other than services which reputable labor consultants render so no value could come from a report and such above board services would not likely have been of concern to Congress. A statute is presumed not to have been intended to produce unreasonable consequences but to have the most reasonable operation that its provisions allow.

The defendant contends the statute is remedial and should be liberally construed while the plaintiff insists that it is penal in nature and should be strictly construed. The penal provision of the statute, 29 U.S.C. § 439, is as follows:

"(a) Any person who willfully violates this subchapter shall be fined not more than $10,000 or imprisoned for not more than one year, or both.

"(b) Any person who makes a false statement or representation of a material fact, knowing it to be false, or who knowingly fails to disclose a material fact, in any document, report, or other information required under the provisions of this subchapter shall be fined not more than $10,000 or imprisoned for not more than one year, or both.

"(c) Any person who willfully makes a false entry in or willfully conceals, withholds, or destroys any books, records, reports, or statements required to be kept by any provision of this subchapter shall be fined not more than $10,000 or imprisoned for not more than one year, or both.

"(d) Each individual required to sign reports under sections 431 and 433 of this title shall be personally responsible for the filing of such reports and for any statement contained therein which he knows to be false. Pub.L. 86–257, Title II, § 209, Sept. 14, 1959, 73 Stat. 529."

■ Thus it is made a crime punishable by fine or imprisonment or both to violate the terms of the law, and it is nonetheless so whether 29 U.S.C. § 401 et seq., be termed remedial in nature or penal. Statutes creating crimes are to be strictly construed in order that such statutes not include that which is not plainly embraced within the language of the statute. United States v. Resnick, 299 U.S. 207, 57 S.Ct. 126, 81 L.Ed. 127 (1936); Kordel v. U. S. of America, 335 U.S. 345, 69 S.Ct. 106, 93 L.Ed. 52 (1948). The court is not of the opinion that a strict interpretation must be adopted in order to support its conclusion in this case.

The court recognizes that this is not a criminal action but on the other hand must accept the fact that a violation of the statute is made a crime by its terms. There cannot be one construction when a civil remedy for enforcement is employed and another when the criminal procedure is involved. Federal Communications Commission v. American Broadcasting

Co., 347 U.S. 284, 74 S.Ct. 593, 98 L.Ed. 699 (1954).

■ The general rule concerning statutory construction is to the effect that the letter of the statute as written must not be unreasonably violated. 29 U.S.C. § 433(b) sets out that a thirty day report must be made when, pursuant to an agreement a person undertakes activities, in brief, leading to (1) persuasion of employees, or (2) supplying information. The statute then provides that "Every *such person (underscoring* added) shall file annually * * * as a result of *such an agreement (underscoring* added) a report * * * containing a statement (A) of its receipts of any kind from employers on account of labor relations advice or services."

■ It is obvious at this point that the literal wording of the statute is that a person who receives payment for persuasion or information activity in a given year must report other labor law income for the year.

But immediately following 29 U.S.C. § 433(b) is 29 U.S.C. § 433(c) providing that:

(c) "Nothing in this section shall be construed to require any employer or other person to file a report covering the services of such person by reason of his giving * * * advice to such employer or representing * * * such employer before any court * * * or engaging * * * in collective bargaining * * *".

The terms of § 433(c) are explicit in the respect that it is provided that "*Nothing in this section shall be construed to require*" a report covering service set out therein.

The defendant contends that the thirty day report required by § 433(b) covers the arrangement for services; that the annual report covers *receipts and disbursements* and has nothing to do with *services*; that § 433(c) says no report is needed on *services* but does not say that no report is needed on receipts

and *disbursements.* The court is of the opinion that a report setting out fees paid for services would constitute a *report covering services.*

■ The question arises as to what constitutes "persuasion". Would the mere appearance of the employer's attorney at the request of the employees to answer questions constitute "persuasion?" Would the conveyance of information to an employer as to the number of employer's trucks passing a given corner during a noon hour constitute supplying "information?" To construe the statutes as requested by the defendant would work a needless and, the court believes, an unintended restriction on a legitimate profession, requiring meticulous accounting and disclosure of professional relationships not necessary or essential in relieving the abuses at which the legislation struck. It is to be presumed, in construing a statute, that an injustice was not intended to result.

The defendant takes the position that the activities set out in § 433(b) are in an area in which responsible labor consultants or persons will not become involved, and hence § 433(c) only exempts those persons not performing any activities described in § 433(b). It is not presumed by the court that all of the activities covered by § 433(b) are such as would not be performed by a responsible labor consultant or other person. As stated herein "information" and "persuasion" are terms susceptible of a broad interpretation.

§ 433(b) provides that the thirty day report shall contain a detailed statement of the agreement entered into regarding the performance of the activities described. This section does not provide for any further report until the annual report relative to receipts and disbursements. The Court construes that the annual report regarding receipts and disbursements was intended to effect and be a supplementary report regarding activities covered in the thirty day report, that is, show what money came in by reason of the arrangement and

where the money went. This construction of § 433(b) harmonizes with the terms of § 433(c) and adopts what appears to the Court to be the clear sense of the words of § 433(c) that no report, thirty day or annual, is required with reference to regular, open and recognized labor law practice of the nature described in § 433(c). To construe the provisions of § 433(c) to the effect, as contended by the defendant, that persons who engage in § 433(b) activities must even so report all receipts from all labor services and show all disbursements therefrom, including pro-rating of office expenses to each case would in the opinion of the Court, necessitate reading into § 433(c) words not there and which with very minor changes could have been inserted, if intended.

The plaintiff's motion for summary judgment is allowed, and the defendant's motion for summary judgment is denied. Judgment will be entered accordingly.