**UNITED STATES of America, Plaintiff,**

**v.**

**Iris Nayda Reyes REPOLLET, Defendant.**

**Crim. No. 96–275(SEC).**

United States District Court, D. Puerto Rico.

March 10, 1997.

Joseph Frattallone–Marti, Assistant United States Attorney, Criminal Division, Hato Rey, PR, for Plaintiff.

Ovideo Zayaz–Rivera, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is defendant Iris Nayda Reyes Repollet's motion to dismiss the indictment for lack of jurisdiction. **(Docket # 13)** Upon review of the parties' arguments and the pertinent law, defendant's motion to dismiss is **GRANTED**.

On October 2, 1996, a federal grand jury charged Defendant with one (1) count in violation of Title 18 U.S.C. § 657. According to the indictment, Defendant "being an employee of the Cooperativa Seguros de Vida de Puerto Rico (COSVI), an insurance corporation, authorized or acting under the laws of the United States, with intent to defraud, did knowingly and willfully embezzle in excess of one hundred dollars ($100) of monies belonging to COSVI, in that the defendant devised and executed a scheme to steal the excess money deposited by COSVI with the U.S. Postal Service to pay for its postal meter and expenses." **(Docket # 15)**

According to the Government, Defendant Reyes Repollet worked at COSVI for almost 20 years. She became the mail room supervisor in 1984, and remained as such until fired last September. As part of her duties, defendant monitored the monies regularly deposited with the U.S. Postal Service by COSVI in order to pay for its postage meter fees. Defendant allegedly schemed to allow COSVI's account balance at the Postal Service to accumulate well beyond the amount needed to pay for its ordinary postage expenses. Defendant would then request a reimbursement of the excess funds from the Postal Service on COSVI's behalf. She would then take the reimbursement check to COSVI's Finance Department and convince them to substitute it for one payable to the "Asociacion de Usuarios Postales," a consumer organization to which she belongs. The Government contends that she would use these monies for her own gain and pleasure. During the entire period of this scheme, she allegedly embezzled approximately $443,-724.00. **(Docket # 16)** Defendant does not challenge these facts in her petition, focusing instead on the jurisdictional issue.

Defendant claims that she is not within the class to which Title 18 U.S.C. § 657 applies. She argues that "Cooperativa de Seguros de Vida de Puerto Rico (COSVI) is not an insurance corporation authorized or acting under the laws of the United States, and therefore this Honorable Court lacks jurisdiction over this matter." **(Docket # 13)**

Title 18 U.S.C. § 657 reads:

**Whoever, being an officer, agent or employee of or connected in any capacity with ... a bank for cooperatives or any lending, mortgage, insurance, credit or savings and loan corporation or association authorized or acting under the laws of the United States or any institution,** other than an insured bank (as defined in section 656), the accounts of which are insured by the Federal Deposit Insurance Corporation or by the national Credit Union Administration Board or any small business investment company, or any community development financial institution receiving financial assistance under the Riegle Community Development and Regulatory Improvement Act of 1994, **and whoever, being a receiver of any such institution, or agent or employee of the receiver, embezzles, abstracts, purloins or willfully misapplies any moneys, funds, credits, securities or other things of value belonging to such institution, or pledged or otherwise intrusted to its care, shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both;** but if the amount or value embezzled, abstracted, purloined or misapplied does not exceed $100, he shall be fined under this title or imprisoned not more than one year, or both.

The Government rebuts Defendant's jurisdictional allegations, arguing that, COSVI has been since 1987 an intermediate Medicare Program carrier authorized by the Secretary of Health and Human Services. COSVI is thus under contract to "carry out the provisions of the Social Security Act, as amended, providing for the use of private organizations to administer Part A and Part B of Title XVIII." (Docket # 16, Exhibit I)

Furthermore, the Government points out that COSVI is not only acting under the laws of the United States, as a Medicare Program intermediate carrier, it is for all practical purposes an enforcer of the laws of the United States. The Government proffers Exhibit 2 to explain the role played by COSVI in the prevention and eradication of Medicare fraud and abuse.[1] Such document, titled "Department of Justice Access to Medicare Contractor Information," reads, in pertinent part:

Combating Medicare fraud is a goal shared by the Department of Justice ("DOJ") Department of Health of Human Services Offices of the Inspector General ("OIG") and the Health Care Financing Administration ("HCFA"). Investigating and prosecuting such cases typically requires access to information and documents from Medicare Contractors. To ensure that law enforcement's needs for this information is met consistent with Medicare contractors' other responsibilities, DOJ, OIG, and HCFA agree to the following procedures:

1. DOJ can request in writing information and documents related to an ongoing civil or criminal health care fraud investigation or prosecution directly from a Medicare contractor. DOJ includes personnel at the Federal Bureau of Investigation

---

**1.** In this exhibit, the Director of the Bureau of Program Operations from the Department of Health and Human Services, Carol J. Walton, directed a memo to Mr. Jose A. Brull, vice president in charge of the Medicare program of the Cooperativa de Seguros de Vida de Puerto Rico. Ms. Walton writes: The enclosed Memorandum of Understanding ("MOU") was recently signed by the Department of Justice (DOJ), the Department of Health and Human Services' Office of Inspector General (OIG), and the Health Care Financing Administration (HCFA). This agreement is intended to enable HFCA and federal law enforcement agencies to improve the govern-

ment's ability to detect and deter fraud and abuse in the Medicare program and to safeguard the Medicare Trust Fund from inappropriate payouts. It reflects a new spirit of cooperation among these federal agencies in combating Medicare fraud and supersedes all previous statements issued on the subject.

One of the main goals of the MOU is to ensure mutual cooperation between the law enforcement agencies and Medicare contractors.... I am asking that you make every reasonable effort to work cooperatively with these agencies in furtherance of our mutual goal—to eliminate Medicare fraud and abuse.

("FBI"), United States Attorneys Offices and the Department of Justice in Washington, D.C., including but not limited to the Criminal Division and Civil Division.

2. When DOJ requests information from a Medicare contractor, it must notify the Regional OIG in writing.

OIG approval is not necessary for DOJ requests for information from a Medicare contractor.

OIG notification is intended to prevent duplication in investigative efforts.

3. HFCA approval is not necessary before a Medicare contractor can provide information requested to DOJ.

4. It is presumed that a Medicare contractor will furnish DOJ officials with information and documents related to a civil or criminal health care fraud investigation or prosecution in a timely fashion ... (Docket # 16, Exhibit 2)

Upon review of the documents presented by the Government, and the applicable statute, we disagree with the Government's interpretation.

■ Defendant notes, and this Court agrees, that it is an essential element of § 657 that the insurance corporation from which the funds were allegedly embezzled be "an institution authorized or acting under the laws of the United States of America." We find that COSVI is not an insurance corporation authorized or acting under the laws of the United States of America within the meaning of 18 U.S.C. § 657. Defendant has filed an attachment in which the Commissioner of Insurance for the Commonwealth of Puerto Rico attests that the Cooperativa de Seguros de Puerto Rico is authorized to do business under the Insurance Code of Puerto Rico. (Docket # 15, Exhibit I). Defendant also asserts that COSVI limits its operation of its insurance business within the boundaries of the Commonwealth of Puerto Rico and it is not insured by any federal entity. (Docket # 13) Except for the Government's above cited documentation, there is no other evidence indicating that COSVI is insured by a federal entity or that it is an entity authorized or acting under the laws of the United States of America within the meaning of 18 U.S.C. § 657.

■ Since federal courts are courts of limited jurisdiction, they must scrupulously confine the use of their power to those cases arising under the jurisdiction conferred upon them by Congress and permitted under the Constitution. *D.M. Maxwell v. First National Bank of Monroeville,* 638 F.2d 32, 34 (1981). Defendant argues that COSVI is not an insurance corporation whose monies, funds or credits are federally protected, as in the case of *United States v. Davis,* 953 F.2d 1482 (10th Cir.1992). In that case, the Court of Appeals upheld the conviction of a defendant pursuant to 18 U.S.C. § 657. Defendant had misapplied **federally insured funds** and made false entries in bank books and records. (Emphasis ours) The Court explained: "[m]isapplication of bank funds under § 657 involves: (1) the willful (2) misapplication (3) of money, funds or credits (4) of a federally protected bank." Id. at 1492. This case is clearly distinguishable from the case at hand, since it was clear that the defendant was misusing federally protected funds. In the present case, although the wording of the indictment mimics the statute, it is not clear that COSVI is an insurance corporation acting under the laws of the United States, and thus, that the funds she embezzled from COSVI constitute a violation of § 657.

In recent decisions, "the courts have given a broad interpretation of § 657 to effectuate congressional intent to protect federally insured lenders from fraud ... In cases where the defendant is not directly employed by the insured bank, courts have focused on the relationship between the employing entity and the bank's business in deciding whether there is a sufficient connection for purposes of the statute." *United States v. Ratchford,* 942 F.2d 702, 704 (10th Cir.1991).

The case of *United States v. Harris,* 729 F.2d 441, 445 (7th Cir.1984) is a good example of a federal court's interpretation of the statute. In that case, defendants were employees of a state agency receiving 60% of operating funds from the United States Department of Housing and Urban Development ("HUD"). These defendants stole some construction materials which had been

paid for by HUD. Defendants alleged that since they worked for the state agency, they were not connected in any capacity with an institution authorized or acting under the laws of the United States, and thus could not be prosecuted under 18 U.S.C. § 657.

The Court determined that the Department of Housing and Urban Development had substantial control over the daily operations of the construction project in which the employees were working, and that the employees were working on a 100% HUD-funded project. Accordingly, it held that defendant employees were "connected in any capacity with" HUD within the meaning of the statute, and thus affirmed conviction under 18 U.S.C. § 657; *Harris*, 729 F.2d at 445–446.

■ The *Harris* case is particularly pertinent, since defendants in that case made a similar argument to the one presented before us. Defendant Reyes Repollet alleges in essence that she is not connected in any capacity with an institution authorized or acting under the laws of the United States, and thus, federal jurisdiction does not attach. In the *Harris* case, where the Court found that defendants were connected to HUD, an institution clearly authorized or acting under the laws of the United States. In the present case the Government also argues that COSVI is an institution acting under the laws of the United States, pursuant to its collaboration agreement with federal agencies, such as the Department of Health and Human Services and the Department of Justice to deter Medicare fraud. However, such collaboration agreement to deter Medicare fraud is a far cry from the near absolute control exercised by HUD over the state agency in *Harris*.

■ This case involves the embezzlement of COSVI monies used to pay for its postage meter fees. Notwithstanding the Government's attempts to link the joint efforts between COSVI and several federal agencies to deter medicare fraud and the exercise of federal jurisdiction pursuant to 18 U.S.C. § 657, we cannot discern any plausible interpretation which would place defendant within the confines of 18 U.S.C. § 657. As the Eighth Circuit recently noted, "[c]riminal statutes must be narrowly and strictly con-strued in favor of defendant to conform to constitutional notions of due process." *United States v. Chandler*, 66 F.3d 1460, 1466 (8th Cir.1995)(citing *United States v. Resnick*, 299 U.S. 207, 57 S.Ct. 126, 81 L.Ed. 127 (1936). Moreover, it also noted: "[a] criminal statute must also establish minimum guidelines to prevent law enforcement, prosecutors and juries from pursuing their personal predilections." Id. (citing *Smith v. Goguen*, 415 U.S. 566, 575, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605 (1974).

Accordingly, we decline to find that defendant Iris Nayda Reyes Repollet is connected in any capacity with any of the federal agencies invoked by the United States, for purposes of obtaining jurisdiction pursuant to 18 U.S.C. § 657. Applying the facts of the present case to the pertinent caselaw, the Court holds that the indictment against the defendant must be **DISMISSED** for lack of jurisdiction.

**SO ORDERED.**