The State of Alabama appeals from the trial court's order dismissing an indictment against St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul"), a Minnesota-based corporation, for perjury in the first degree, a violation of § 13A-10-101(a), Ala. Code 1975.
The indictment against St. Paul arose out of a medical-malpractice suit relating to a 1993 incident in an operating room, as a result of which a patient, Mary McGahagin, suffered brain damage caused by bradycardia (a slowed heartrate, producing an inadequate bloodflow to the brain) during surgery. McGahagin sued the hospital where the surgery was performed, the surgeon who performed the surgery, an anesthesiology group, one of the anesthesiologists, and Wayne Zimlich, a nurse anesthetist. During the malpractice trial, Zimlich testified that McGahagin had suffered bradycardia for approximately three to five minutes during the surgery. The hospital and the surgeon were ultimately dismissed from the malpractice suit, but the anesthesiology group, the anesthesiologist, and Zimlich — all insured by St. Paul — were found liable and were ordered to pay damages of $22.5 million. Subsequently, Zimlich sued St. Paul and three of its employees for failure to settle the malpractice suit. During the trial of that case, Zimlich testified that, at the direction of his lawyer, the anesthesiologist, and a St. Paul employee, he had lied at the malpractice trial about the duration of *Page 232 
McGahagin's bradycardia. Zimlich maintained that the bradycardia had actually lasted over 10 minutes, not 3 to 5 minutes as he had testified at the malpractice trial. Based on Zimlich's testimony, the State indicted both Zimlich and St. Paul for perjury in the first degree.
St. Paul filed a motion to dismiss the indictment against it for failure to charge an offense, arguing that under Alabama law a corporation could not be charged with the offense of perjury. After a hearing on the issue, the trial court granted St. Paul's motion and dismissed the indictment against it.
On appeal, the State contends that the trial court erred in dismissing the indictment against St. Paul because, it says, the Legislature intended to provide for corporate criminal liability by defining a "person" in § 13A-1-2(6), Ala. Code 1975, as "a public or private corporation." Section 13A-1-2 provides, in pertinent part:
 "Unless different meanings are expressly specified in subsequent provisions of this title, the following terms have the following meanings:
". . . .
 "(6) Person. A human being, and where appropriate, a public or private corporation, an unincorporated association, a partnership, a government or a governmental instrumentality."
(Emphasis added.) In the commentary to this section, we find the following:
 "`Person' as defined in subdivision (6) covers a `human being' and includes male and female of whatever age. The definition also includes all legal persons, or entities. The precise kind of `person' required depends upon the particular offense charged, and the language of the section defining it."
(Emphasis added.)
Section 13A-10-101(a), Ala. Code 1975, provides that "[a] person
commits the crime of perjury in the first degree when in any official proceeding he swears falsely and his false statement is material to the proceeding in which it is made." (Emphasis added.) The State contends that § 13A-1-2(6) and § 13A-10-101(a), when construed together, clearly indicate a legislative intent to impose criminal liability for perjury on corporations. We disagree.
In construing the language in §§ 13A-1-2(6) and 13A-10-101(a), Ala. Code 1975, we are mindful of the following principles:
 "`Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to apply to cases not covered by the words used. . . .' United States v. Resnick, 299 U.S. 207, 209, 57 S.Ct. 126, 127, 81 L.Ed. 127 (1936). See also, Ex parte Evers, 434 So.2d 813, 816 (Ala. 1983); Fuller v. State, 257 Ala. 502, 60 So.2d 202, 205 (1952). Moreover, `criminal statutes should not be "extended by construction."' Ex parte Evers, 434 So.2d at 817 (quoting Locklear v. State, 50 Ala. App. 679, 282 So.2d 116 (1973)). Section 13A-1-6 provides in part: `All provisions of [the Criminal Code] shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law. . . .'
 "Because the meaning of statutory language depends on context, a statute is to be read as a whole. King v. St. Vincent's Hospital, 502 U.S. 215, 112 S.Ct. 570, 574, 116 L.Ed.2d 578 (1991). Subsections of a statute are in pari materia and `should be construed together to ascertain the meaning and intent of each.' McCausland v. Tide-Mayflower Moving Storage, 499 So.2d 1378, 1382 (Ala. 1986)."
Ex parte Jackson, 614 So.2d 405, 406 (Ala. 1993). See also Ex parteMutrie, *Page 233 658 So.2d 347, 349 (Ala. 1993) ("No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused.").
Although § 13A-1-2(6), Ala. Code 1975, defines the term "person," as used in the Criminal Code, to include a corporation, the statute expressly limits that definition to those situations in which it is "appropriate" to include a corporation in the definition of a "person." Upon reviewing the Criminal Code as a whole, we are convinced that the Legislature has found it "appropriate" to impose criminal liability on corporations only for certain crimes enumerated in the Code: i.e., those crimes in which the Legislature has specifically provided for corporate liability. Perjury is not one of those.
Initially, we note that there is no provision in the Criminal Code providing for general corporate criminal liability. In fact, the commentary to § 13A-2-26, Ala. Code 1975 (which imposes criminal liability on an individual acting in the name of or on behalf of a corporation), specifically states:
 "A proposed section on `liability for corporations' was not enacted by the legislature. Thus, corporate criminal liability will primarily depend upon statutes and law outside this Criminal Code."
Numerous provisions outside the Criminal Code impose criminal liability on corporations. See, e.g., Title 2 (Agriculture), Title 8 (Commercial Law and Consumer Protection), Title 9 (Conservation and Natural Resources), Title 11 (Counties and Municipal Corporations), Title 20 (Food, Drugs, and Cosmetics), Title 22 (Health, Mental Health, and Environmental Control), Title 23 (Highways, Roads, Bridges, and Ferries), Title 25 (Industrial Relations and Labor), Title 27 (Insurance), Title 28 (Intoxicating liquor, Malt Beverages, and Wine), Title 33 (Navigation and Watercourses), Title 34 (Professions and Businesses), Title 37 (Public Utilities and Public Transportation), and Title 40 (Revenue and Taxation).
More importantly, within the Criminal Code itself, the Legislature specifically and unambiguously imposes criminal liability on corporations for certain crimes. For example, the Legislature expressly includes corporations in the Anti-Obscenity Enforcement Act. See § 13A-12-200.1
et seq., Ala. Code 1975. In § 13A-12-200.1(7), the Legislature defines a "person" for purposes of the Anti-Obscenity Act as "[a]ny individual, and, except where inappropriate, any partnership, firm, association, corporation, or other legal entity." In § 13A-8-23, Ala. Code 1975, which regulates acts making gas, electricity, or water available unlawfully, the Legislature specifically defines a "person" to include "a corporation, firm, company, or association." In §13A-9-70(3), Ala. Code 1975, which defines various "charitable fraud" offenses, see §§ 13A-9-71 through 13A-9-76, Ala. Code 1975, the Legislature defines a "person" as "[a]ny individual, organization, group, association, partnership, corporation, trust, or any combination of them." In § 13A-11-70(3), Ala. Code 1975, the Legislature's definition of a "person," for purposes of offenses relating to pistols, see §§ 13A-11-71 through 13A-11-84, Ala. Code 1975, includes "any firm, partnership, association, or corporation." Finally, in §13A-14-3, Ala. Code 1975 (limiting the duration of marathon dance contests, walkathons, or similar endurance contests), the Legislature specifically includes within the purview of that statute "any person, firm, association or corporation."
The absence of a general provision extending the definition of a "person" in § 13A-1-2(6), Ala. Code 1975, to all offenses *Page 234 
in the Criminal Code, combined with the presence of several specific provisions throughout the Code expressly including corporations in the definition of a "person" for certain individual crimes, leads us to conclude that the term "where appropriate" in § 13A-1-2(6), Ala. Code 1975, limits the imposition of corporate criminal liability solely to those subsections of the Criminal Code in which the Legislature has expressly provided for corporate criminal liability, such as those listed above. The Legislature did not expressly state that corporations could be held liable for the various perjury offenses; therefore, there is no corporate criminal liability for perjury. The trial court did not err in dismissing the indictment against St. Paul.
The judgment of the trial court is affirmed.
AFFIRMED.
McMillan, Cobb, Baschab, and Fry, JJ., concur.